# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM D. BROWN,

    Petitioner,

  v.                                                           Case No. 16-CV-1663

PAUL S. KEMPER,

    Respondent.

## DECISION AND ORDER DISMISSING PETITION

Petitioner William D. Brown filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 14, 2016. (Habeas Petition, Docket #1.) Brown is currently serving a twenty-one year sentence following his conviction for felon in possession of a firearm and first degree recklessly endangering safety. (*Id.* at 2.) In his petition, Brown raises three grounds for relief. In ground one, Brown alleges that his rights were violated under *Brady v. Maryland*, 373 U.S. 83 (1963) and in grounds two and three, he alleges ineffective assistance of trial and appellate counsel. (*Id.* at 6–8.) The respondent filed a motion to dismiss Brown's habeas petition on the grounds that because Brown did not take any appeal challenging his conviction in state court, he failed to exhaust his claims. (Docket # 17.) Brown subsequently filed a motion acknowledging that he failed to exhaust his federal constitutional claims and requested that I dismiss his petition without prejudice so that he can present his constitutional claims to the state court and preserve his right to file a habeas petition with this court. (Docket # 18.) Although I was reluctant to stay Brown's petition and hold it in abeyance given that he did not appear to meet the good cause standard under

*Rhines v. Weber*, 544 U.S. 269 (2005), given his *pro se* status, I granted Brown's request to stay and hold his habeas petition in abeyance while he exhausted his claims in state court. (Docket # 23.) Brown was instructed, however, that following the conclusion of his state court proceedings, Brown must move to reopen this habeas case within thirty days and that failure to file a motion to reopen within thirty days may constitute cause for this case to remain closed. (*Id.*)

In December 2018, the respondent provided an update as to the status of Brown's state court proceedings. (Docket # 27.) At that time, the respondent stated that Brown had filed a number of motions to extend the deadline for filing his brief-in-chief and on November 13, 2018, the Wisconsin Court of Appeals granted Brown's most recent motion, which made his brief-in-chief due by Monday, January 14, 2019. (*Id.*) Hearing no further updates from the parties, and having reviewed the Wisconsin Court of Appeals' online case access system, *see* Wisconsin Court System, Supreme Court and Court of Appeals Access, http://wscca.wicourts. gov/ (enter "2017AP002247" in the "Appeal Number" field and select "Case History" button) (last visited Apr. 7, 2020)), it appears that after requesting at least four further extensions of time, Brown voluntarily dismissed his appeal in December 2019.

Given both Brown's failure to alert this Court pursuant to the August 2017 order of the conclusion of his state court proceedings, and given Brown's voluntary dismissal of his state court appeal, it appears that Brown does not wish to pursue his petition for habeas corpus in federal court. For these reasons, Brown's petition for a writ of habeas corpus is denied and the case is dismissed. Judgment will be entered accordingly.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Brown's petition for writ of habeas corpus (Docket # 1) is **DENIED**. Judgment will be entered accordingly.

Dated at Milwaukee, Wisconsin this 8th day of April, 2020.

    BY THE COURT:

    *s/Nancy Joseph*_____
    NANCY JOSEPH
    United States Magistrate Judge